UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERICA L. HARRIS,

                   Plaintiff,

                                                       **Hon. Hugh B. Scott**

               v.

                                                       12CV356A

                                                         **Report**
                                                            **&**
JACOB MARSH, LLC,                            **Recommendation**

                   Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 7). The instant matter before the Court is plaintiff's motion dismiss defendant's counterclaim (Docket No. 10[1]). Responses to this motion were due by June 22, 2012, and any reply was due by June 29, 2012, and the motion was deemed submitted (without oral argument) on June 29, 2012 (Docket No. 11). While this motion was pending, a Scheduling Conference was held (Docket No. 18) and a Scheduling Order for the case was entered (Docket No. 19).

## BACKGROUND

This is a Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), action, alleging that defendant attempted to collect plaintiff's debt for a Citibank credit card account she had by using harassing debt collection techniques (Docket No. 1, Compl. ¶¶ 10-38).

---

[1] In support of her motion, plaintiff submits her Memorandum of Law, Docket No. 10; and her Reply Brief, Docket No. 21. In opposition, defendant submits its Memorandum of Law, Docket No. 20.

Plaintiff alleges violations of various provisions of the FDCPA. Defendant answered, denying plaintiff's allegations, asserting affirmative defenses (Docket No. 5). Defendant also asserts two counterclaims, alleging that plaintiff defaulted on the Citibank debt, that defendant purchased the debt from Citibank, and that plaintiff owed defendant $4,525.03 plus interest from March 6, 2009, asserting this Court's supplemental jurisdiction over the counterclaim under 28 U.S.C. § 1367(a) (id. ¶¶ 62-78, 1st Counterclaim), and a true account was submitted to plaintiff (id. ¶¶ 79-81, 2d Counterclaim).

Plaintiff then filed her present motion to dismiss these counterclaims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (Docket No. 10). She argues that her claims challenge the methods of debt collection without challenging the validity of the underlying debt while defendant's counterclaims is based upon the validity of the debt (id. Pl. Memo. at 2). She contends that these counterclaims are permissive, rather than compulsory, and do not pertain to the same facts, events and evidence as her FDCPA claim to warrant exercise of supplemental jurisdiction (id. at 6, 7-9). Citing this Court's decision in Fentner v. Tempest Recovery Servs., Inc., No. 07CV561, 2008 WL 4147346 (W.D.N.Y. Aug. 12, 2008) (Scott, Mag. J.) (Report & Recommendation), adopted, 2008 WL 4147346, at *1, 2008 U.S. Dist. LEXIS 67578 (W.D.N.Y. Sept. 2, 2008) (Arcara, Ch. J.), plaintiff argues that the FDCPA claim and defendant's collection counterclaim had only tangential factual connection (id. at 7; see also Docket No. 21, Pl. Reply Br. at 1, 4-5). Finally, plaintiff points to the chilling effect on debtor plaintiffs to commence FDCPA actions if the creditor defendants could raise collection counterclaims in those actions (Docket No. 10, Pl. Memo. at 8-9; see also Docket No. 21, Pl. Reply Br. at 6-8).

2

Defendant argues that supplemental jurisdiction can be exercised over permissive or compulsory counterclaims (Docket No. 20, Def. Memo. at 3). Defendant concludes that since the same debt is alleged in both the claim and counterclaim that they are sufficiently related to have supplemental jurisdiction over the counterclaim; that other courts have extended jurisdiction over similar counterclaims on supplemental jurisdiction (id. at 3-4); and that there is no basis for declining to exercising jurisdiction under the Court's discretion as authorized by the limited instances under 28 U.S.C. § 1367(c) (id. at 4-9).

## DISCUSSION

Plaintiff seeks dismissal of the counterclaims alleging that this Court lacks subject matter jurisdiction over those counterclaims. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it," Fentner, supra, 2008 WL 4147346, at *1 (R&R) (citing Marakova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). "The party asserting federal jurisdiction bears the burden of establishing jurisdiction," id. (citing Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006)).

At issue here is the scope of supplemental jurisdiction this Court may exercise over otherwise state law claims. This Court may exercise supplemental jurisdiction, under 28 U.S.C. § 1367, over claims that arise out of a common nucleus of operative facts, see United Mine Workers v. Gibbs, 383 U.S. 715 (1966) (Docket No. 20, Def. Memo. at 3). Section 1367(a) provides that this Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a) (id.,

emphasis removed). Therefore, the precise issue is whether a claim to collect a debt is "so related" to claims that the FDCPA has been violated in its collection to form "part of the same case or controversy." Whether the counterclaim is permissive or compulsory is not material, see, e.g., Fentner, supra, 2008 WL 4147346, at *2.

In Fentner, this Court recommended dismissing a counterclaim similar to the one asserted here, 2008 WL 4147346. There, plaintiff sued under FDCPA alleging violations in the methods of collection used by defendant, while defendant counterclaimed to collect the underlying debt, asserting the Court's supplemental jurisdiction as the basis for subject matter jurisdiction. This Court found, however, that, although defendant's contact with plaintiff was because of the existence of the underlying debt, its validity was not material to the FDCPA claim and none of the elements of plaintiff's FDCPA's claim were necessary or relevant to defendant's debt collection counterclaim, id. at *2. This Court recommended declining to exercise supplemental jurisdiction there for the alternative reason that its application in a FDCPA case would defeat the remedial purposes of that act, id. at *3-4 (citing cases). This Court quoted Judge Elfvin in Leatherwood v. Universal Business Service Co., 115 F.R.D. 48, 50 (W.D.N.Y. 1987), that "thus, while there appears to be a relationship between the two claims, consideration of the facts underlying the cause of action, of the law relevant to each and of the evidence needed to support the claims 'reveals that the relationship is more illusory than real,'" id. (quoting Gammons v. Domestic Loans of Winston-Salem, Inc., 423 F. Supp. 819, 821 (M.D.N.C. 1976); Fentner, supra, 2008 WL 4147346, at *3.

Defendant cites from cases in other districts that allow counterclaims to collect debts in FDPCA actions (Docket No. 20, Def. Memo. at 3-4, citing Jenkins v. United Collection Bureau,

No. 3:11 CV 1191, 2011 U.S. Dist. LEXIS 126285 (N.D. Ohio, Oct. 14, 2011); Waid v. Credit Collections, Inc., No. CIV-11-0580-HE, 2011 U.S. Dist. LEXIS 131467 (W.D. Okla., Nov. 15, 2011); Mufwene v. American Credit Exchange, No. 10 C 2591, 2010 U.S. Dist. LEXIS 117026 (N.D. Ill., Nov. 3, 2010)), or in other consumer protection statutes (id. at 4 (citing cases[2])), distinguishing Fentner because of recent decisions from other courts (including those within the Second Circuit, e.g., Jones v. Ford Motor Credit Co., 358 F.3d 205, 212-13 (2d Cir. 2004); ) that hold the contrary (id. at 9-10; see id. at 4-9). Those cases involve § 1367(c), e.g., Jenkins, supra, 2011 U.S. Dist. LEXIS 126285 (N.D. Ohio, Oct. 14, 2011), and the exercise of the Court's discretion to decline to exercise supplemental jurisdiction. The two other cases involving FDCPA claims and collection counterclaims arose in districts with different standards for what cases are "so related" as to form "part of the same case or controversy." In Mufwene, supra, 2010 U.S. Dist. LEXIS 117026 (N.D. Ill., Nov. 3, 2010), the district court applied Seventh Circuit precedent that only required a "loose factual connection" between claims to justify supplemental jurisdiction, see Wisconsin v. Ho-Chunk Nation, 512 F.3d 921, 936 (7th Cir. 2008). In Waid, supra, 2011 U.S. Dist. LEXIS 131467, at *4-5 (W.D. Okla., Nov. 15, 2011), that court (while noting the split between courts on this very issue and citing Mufwene) applied Tenth Circuit law that held FDCPA claims and collection counterclaims are parts of the same case or controversy because both cases arise from the same debt. That court also disagreed with exercising discretion not to hear supplemental jurisdiction cases against the policy arguments

---

[2]Wilson v. Discover Bank, No. 3:12-cv-05209-RBL, 2012 U.S. Dist. LEXIS 72670, at *7-8 (W.D. Wash., May 24, 2012) (Telephone Consumer Protection Act); Pesce v. Nuvell Credit Co., LLC, No. 11 C 1380, 2011 U.S. Dist. LEXIS 57012 (N.D. Ill., May 26, 2011) (Fair Credit Reporting Act); Betsey v. Nissan Motor Acceptance Corp., No. 3:09cv00293(WWE), 2009 U.S. Dist. LEXIS 82662 (D. Conn., Sept. 10, 2009) (Fair Credit Reporting Act)

under FDCPA accepted by this Court in <u>Leatherwood</u>, and the district court in <u>Sparrow v. Mazda Am. Credit</u>, 385 F. Supp. 2d 1063, 1071 (E.D. Cal. 2005), <u>Waid</u>, <u>supra</u>, 2011 U.S. Dist. LEXIS 131467, at *5-6.

In the case now before this Court, as in <u>Fentner</u>, the issue is whether supplemental jurisdiction should extend to two cases that are unrelated to each other and where public policy would preclude commencing a counterclaim in that unrelated federal action. The only loose connection between the FDCPA claims and the creditor's counterclaims is the underlying debt, but that debt is the direct subject of the latter counterclaims and is at most only an element of the cause of action for the former claims. As was found in <u>Leatherwood</u>, <u>supra</u>, 115 F.R.D. at 50, the FDCPA claims and counterclaims here are not related on a transactional level; the FDCPA claims involve enforcement of federal policy as to the manner and techniques of debt collection while the counterclaims involve the validity of debt under state law and seeking its collection through legal process. As with <u>Leatherwood</u>, 115 F.R.D. at 49-50, the evidence and law for the claims and counterclaims differ.

This Court adheres to its earlier recommendation, <u>Fentner</u>, <u>supra</u>, 2008 WL 4147346, and concludes that an action challenging the legality of the methods of collection is not "so related" to an action to collect that debt to warrant the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a) over the latter claim, taking perhaps a narrower view than other courts in whether the connections between the FDCPA claims and debt collection counterclaims are close enough to form parts of the same case or controversy. Therefore, plaintiff's motion to dismiss the counterclaims in this action (Docket No. 10) should be **granted**.

## CONCLUSION

Based upon the above, it is recommended that plaintiff's motion (Docket No. 10) to dismiss defendant's counterclaim be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

7

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                                      */s/ Hugh B. Scott*
                                                      Hon. Hugh B. Scott
                                       United States Magistrate Judge

Dated: Buffalo, New York
       July 6, 2012