UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERICA L. HARRIS,

                Plaintiff,

      v.                                  **DECISION AND ORDER**
                                             12-CV-356-A

JACOBS, MARSH, LLC,
                Defendant.

This Fair Debt Collection Practices Act case was referred to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. § 636(b)(1). On June 6, 2012, the plaintiff, Erica L. Harris, filed a motion to dismiss a debt-collection counterclaim of the defendant, Jacobs, Marsh, LLC. On July 6, 2012, Magistrate Judge Scott filed a Report and Recommendation, recommending plaintiff Harris' motion to dismiss the defendant's counterclaim be granted.

Defendant filed objections to the Report and Recommendation on July 16, 2012. Plaintiff filed a response thereto on July 20, 2012. Defendant filed a reply on August 21, 2012.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report and

Recommendation, and after carefully considering the parties' submissions, the Court adopts the proposed findings of the Report and Recommendation.

The Court notes that the observation of defendant Jacobs, Marsh, LLC, of a trend among district courts in the Second Circuit exercising jurisdiction over state-law debt-collection counterclaims in actions under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, is unwarranted. Decisions of district courts in the Second Circuit of which the Court is aware tend not to exercise jurisdiction over pendant state-law debt collection claims. *Compare Unangst v. Evans Law Assoc.,* 798 F.Supp.2d 409 (N.D.N.Y. 2011); *Balk v. Fererstein & Smith, LLP,* 2011 WL 1560984 (W.D.N.Y. 2011)(dictim); *Fentner v. Tempest Recovery Services,* 2008 WL 4147346 (W.D.N.Y. 2008); *Padilla v. Clovis & Roche, Inc.*, 2007 WL 4264582 (N.D.N.Y. 2007)(dictim), *with Betsey v. Nissan Motor Acceptance Corp,* 2009 WL 2925367 (D.Conn. 2009). Based upon this case law, there appears to be no trend in district courts in the Second Circuit favoring an exercise of pendant jurisdiction over state-law debt-collection counterclaims.

In any event, district courts' decisions whether to exercise pendant jurisdiction pursuant to 28 U.S.C. § 1367 are fact-bound determinations made on a case-by-case basis. *See generally, Jones v. Ford Motor Credit,* 358 F.3d 205, 212-215 (2d Cir. 2004). These kinds of decisions are properly understood as prudential, discretionary decisions so that a trend in the case law – even when a

trend exists – is hardly controlling.  Magistrate Judge Scott did not misread the applicable law and he properly evaluated whether the Court should exercise pendant jurisdiction over the state-law debt collection claim in this particular case.  For these reasons, and for the reasons set forth more specifically in Magistrate Judge Scott's Report and Recommendation, plaintiff's motion to dismiss the defendant's counterclaim is granted.

    SO ORDERED.

                                      *s/ Richard J. Arcara*
                                    HONORABLE RICHARD J. ARCARA
                                    UNITED STATES DISTRICT JUDGE

DATED: August 23, 2012