UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERICA L. HARRIS,

          Plaintiff,

v.

**Hon. Hugh B. Scott**

12CV356A

**Order**

JACOBS MARSH, LLC,

          Defendant.

Before the Court is defendant's motion to compel plaintiff's deposition (Docket No. 33[1]). Responses were due by September 26, 2012, and any reply by October 3, 2012, and this motion was deemed submitted (without oral argument) on October 3, 2012 (Docket No. 36).

BACKGROUND

This is a Fair Debt Collection Practices Act action (see Docket No. 1, Compl.). Defendant answer and asserted a counterclaim (Docket No. 5). After referral of this action to the undersigned (see Docket No. 7), plaintiff moved to dismiss the counterclaim (Docket No. 10), which was granted (Docket No. 32; see also Docket No. 22, Report & Recommendation (recommending granting motion)). Meanwhile, this Court entered a Scheduling Order (Docket No. 19), in which motions to compel discovery were due by September 28, 2012, discovery was to be completed by October 9, 2012, and dispositive motions were due by November 9, 2012.

---

[1]In support of its motion, defendant submits defense counsel's declaration, with exhibits, Docket No. 34; defendant's Memorandum of Law, Docket No. 35; and defendant's Reply Memorandum, Docket No. 39. In opposition, plaintiff submits her Memorandum, Docket No. 37; and plaintiff's counsel's declaration, Docket No. 38.

Ordinarily, the counsel for a party is not pertinent to a case. But here, the motion to compel is impacted by the change in counsel. Plaintiff initially was (and is) represented by Craig Kimmel of Kimmel & Silverman, P.C. (see Docket No. 1, Compl.), with an office in Ambler, Pennsylvania. But according to the Court Clerk's records, Kimmel is listed as having an address in Buffalo and is so indicated on the docket for this case. Other attorneys from the Ambler office filed appearances and moved for leave to appear pro hac vice on behalf of plaintiff (Docket Nos. 12 (Jacob Ginsburg pro hac vice application), 27 (Amy Bennecoff pro hac vice application); see also Docket Nos. 15 (Order granting Ginsburg pro hac vice status in this case), 28 (Order granting Bennecoff pro hac vice status in this case)). According to plaintiff's counsel, Ginsburg later left the firm, which led to Bennecoff filing her pro hac vice application and appearance (Docket No. 37, Pl. Memo. at 3; Docket No. 38, Pl. Atty. Decl. ¶ 8).

*Defendant's Motion to Compel*

Defendant noticed plaintiff's deposition for September 4, 2012, serving that notice on August 21, 2012 (Docket No. 34, Def. Atty. Decl. ¶ 4, Ex. A), e-mailing a copy of the notice on August 21, 2012 (see id., Ex. B), to plaintiff's counsel of record, Craig Kimmel, Jacob Ginsburg, and Amy Bennecoff (id., Exs. A, B). On August 30, 2012, defense counsel sent an e-mail to plaintiff's counsel, Jacob Ginsburg and Amy Bennecoff, confirming the September 4 deposition date (id. ¶ 5, Ex. B). Defense counsel received a response from paralegal Pete Keltz (see id. Ex. F) who stated that Bennecoff was on maternity leave and that Ginsburg had left the firm and the deposition could not go forward as scheduled (id. ¶ 5, Ex. C). Keltz stated that a new attorney (Christopher Kelleher) would make an appearance and file a pro hac vice application but, as of defendant's motion, no such appearance or application was made (id.). Defense

2

counsel agreed to adjourn the deposition to September 13, 2012, and served a second notice (id. ¶ 6, Ex. D). On September 4, defense counsel again e-mailed plaintiff's counsel, Bennecoff and Ginsburg (although informed that Ginsburg was no longer with the firm), to confirm the September 13, 2012, date (id. ¶ 7, Ex. E). In the e-mail exchange reproduced at Exhibit E, Keltz requested dates for plaintiff's deposition of defendant's corporate representatives (id., Ex. E, Keltz to Brendan Little e-mail, Aug. 31, 2012), with defense counsel giving dates these representative would be available in October 2012. On September 7, 2012, defense counsel received an e-mail from Tara Patterson, Esq., indicating that plaintiff would not appear at the September 13 deposition and that another lawyer (Kelleher) would make an application to appear pro hac vice (id. ¶ 8, Ex. F), despite the fact that Kimmel remains as counsel of record (id. ¶ 8).

Meanwhile, no new appearance or pro hac vice applications were filed (see Docket No. 39, Def. Reply Memo. at 2).

Plaintiff responds through Kimmel (Docket No. 37, Pl. Memo. at 8; Docket No. 38, Pl. Atty. Decl.), claiming that defendant "unilaterally noticed Plaintiff's deposition for September 4, 2012" (Docket No. 38, Pl. Atty. Decl. ¶ 9), not consulting with anyone from plaintiff's law firm to see if any scheduling conflicts exist with the date (id. ¶ 10). Plaintiff also points out that defense counsel responded, on August 31, 2012, that the cancellation of the September 4 deposition was "not acceptable" (id. ¶ 13; Docket No. 37, Pl. Memo., Ex. E). Keltz replied that Bennecoff had just given birth and Ginsburg had left the firm and a new attorney would apply for pro hac vice admission on this case and asked that defense counsel "not unilaterally reschedule our client's deposition" (Docket No. 38, Pl. Atty. Decl. ¶ 14; Docket No. 37, Pl. Memo., Ex. F, Keltz to Little e-mail, Aug. 31, 2012, 11:19 am). Plaintiff's counsel concludes that plaintiff "has

3

been willing and able to appear for a deposition in this matter," but simply seeks it on a mutually convenient date for her and her counsel (Docket No. 38, Pl. Atty. Decl. ¶ 15). Plaintiff does not explain why existing counsel of record (Kimmel) could not schedule a deposition.

Plaintiff argues the defendant acted in bad faith in unilaterally scheduling this deposition, arguing that such unilateral action is "counter to the Federal Rules of Civil Procedure" (Docket No. 37, Pl. Memo. at 4-6, 5), without citation to any authority for this proposition. Plaintiff notes that she resides in Missouri (see also Docket No. 1, Compl. ¶ 5) and has to arrange for travel to New York for any deposition (Docket No. 37, Pl. Memo. at 6). Plaintiff accuses defendant of randomly picking dates without consultation with counsel (id.) and refutes defense contention that she is stalling the case (id. at 6-7).

In reply, defendant argues that Rule 30 does not require the parties to consult before scheduling depositions (Docket No. 39, Def. Reply Memo. at 3), and that courts have found that notice as little as seven days was deemed to be reasonable under that Rule (id. at 3-4, citing C & F Packing Co. v. Doskocil Cos., 126 F.R.D. 662, 680 (N.D. Ill. 1989). Defendant seeks to recover its reasonable attorneys' fees in making this motion (id. at 4-5).

DISCUSSION

I. Motion to Compel and Sanctions

    A.    Motion to Compel

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any

4

nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007).

Once the parties hold an initial pretrial Rule 26(f) conference prior to the Scheduling Conference, Fed. R. Civ. P. 26(f)(2) (conference to develop, among other topics, a proposed discovery plan); W.D.N.Y. Loc. Civ. R. 16(b)(2); cf. Krause v. Buffalo & Erie County Workforce Dev. Consortium, 426 F. Supp. 2d 68, 87 (W.D.N.Y. 2005) (Foschio, Mag. J.), Rule 30(a)(1) allows a party to depose its opponent without leave of the Court upon a notice pursuant to Rule 30(b)(1). The Rule 30(b)(1) notice of deposition **does not** require conferring with the deposed party or the opponent to obtain a mutually convenient date; the rule requires only that "reasonable notice" be given to the witness. One court by local rule requires the parties to confer to schedule depositions, see also Zokaites Props., LP v. La Mesa Racing, LLC, Civil Action No. 11-259, 2011 U.S. Dist. LEXIS 45272, at *14 & n.8 (W.D. Pa. Apr. 27, 2011) (W.D. Pa. Loc. Civ. R. 16.1(B)(5), duty to confer prior to filing motion to modify Scheduling Order). No such local rule prevails in this District. A preferable procedure may be for the parties to first confer and agree upon a date or range of dates before noticing a deposition, but Rule 30 does not require such a conference. Where parties are ordered to confer regarding a schedule, it has occurred after a deposition was noticed and the deposing party moved compel the examination, e.g., OMG Fidelity, Inc. v. Sirius Techs., Inc., 239 F.R.D. 300, 305 (N.D.N.Y. 2006); Concerned Citizens of Belle Haven v. The Belle Haven Club, 223 F.R.D. 39, 47 (D. Conn. 2004); Rodriguez v. Pataki, 293 F. Supp. 2d 305, 310 (S.D.N.Y. 2003).

5

In this case, prior to entry of the Scheduling Order (Docket No. 19), the parties apparently conferred and issued a joint Proposed Discovery Plan (Docket No. 16). That plan (entered into by Ginsburg for plaintiff) proposed to have fact discovery completed by October 9, 2012 (id. ¶ 3, and at page 3), without specifying when depositions would be conducted or completed. This Court adopted the parties' Proposed Discovery Plan (see Docket No. 18) and entered the current Scheduling Order with discovery to be completed by October 9, 2012 (Docket No. 19, Scheduling Order ¶ 3).

The first deposition notice was served on August 21, 2012, for a September 4, 2012, deposition; the second notice served on August 30, 2012, for a September 13, 2012, deposition. Each notice gave plaintiff a reasonable amount of time (14 days each) to prepare for the examination, see C & F Packing, supra, 126 F.R.D. at 680, although this Court's Local Civil Rules state that, absent agreement or Court Order, a notice to take a deposition "shall be served at least twenty-one [(21)] days prior to the date set for examination," W.D.N.Y. Loc. Civ. R. 30(a).

Plaintiff, however, failed to appear at either date, arguing now that defendant unilaterally selected the date and that she is between attorneys who would be actively involved in her case. Under Rules 30 or 37, this is not a sufficient basis for failing to appear at a deposition. Thus, defendant's motion to compel plaintiff's deposition is **granted**. The parties shall meet and confer within fifteen (15) days of entry of this Order to set a mutually convenient date for this deposition. Absent such an agreement, the deposition shall occur no later than **January 11, 2013**.

B. Sanctions

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A)(i). But for sanctions under a motion to compel, movant needs to attempt to obtain the deposition in good faith before seeking Court intervention. Sanctions are also not appropriate if the motion the opponent's nondisclosure was substantially justified or if other circumstances make an award unjust, id., R. 37(a)(5)(A)(ii), (iii).

Although not required to effect notice for a deposition under Rule 30, Rule 37 sanctions have a prerequisite that the parties confer (or attempt to confer) about the disputed discovery before a motion is filed. Conferring with the opponent to schedule a deposition, and perhaps learning of the change in counsel that might affect such a schedule, could be part of a good faith effort to avoid motion practice at the outset, see Fed. R. Civ. P. 37(a)(5)(A)(i). This Court's Civility Principles and Attorney Oath (adopted September 28, 1998) that admitted and pro hac vice attorneys swear or affirm for admission to practice before this Court provides that attorneys "will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts," W.D.N.Y. Civility Principles, "Lawyers' Duties to Other Counsel" ¶ 14; see also id. ¶ 10 (attorneys "will not use any form of discovery or discovery scheduling as a means of harassment").

From the facts presented in this motion, there appears to have been no one with which defense counsel could have conferred, if he was to deal with the associates who were primarily

7

responsible for this case. One associate, Ginsburg, had left the firm, while the second associate, Bennecoff, was on maternity leave by the time defendant noticed the deposition. The apparent replacement attorney, Kelleher, has not appeared in this action to disclose his availability to conduct this deposition. Defense counsel was dealing with either a paralegal (Keltz) or another attorney (Patterson) who has not filed a formal appearance (or pro hac vice application, if necessary) in this action. Thus, if defense counsel wished to call someone to find out available, alternative dates, there appears to be no one he could have contacted.

But there was another attorney, Kimmel, who was of record in this case representing the plaintiff. He filed plaintiff's response to this motion (Docket Nos. 37, 38). He could have made himself available for a conference to schedule or at least to suggest dates far enough in the distance (including a possible motion to extend the Scheduling Order) to allow whatever new attorney to get into this case and up to speed.

Thus, defendant failed to confer prior to filing this motion to compel. Plaintiff and her counsel are not blameless in this situation. In addition to the confusion of departing and unavailable lawyers to represent plaintiff, she did not seek a protective Order against a deposition until her counsel situation was clarified. Her counsel did not propose alternative dates for her examination but merely requested a general adjournment of the deposition until new counsel was in place, stating that a new attorney needed to be assigned and make the necessary appearance and (if not admitted to this Court) file a pro hac vice application. But no such application or appearance was filed. Plaintiff's counsel of record (Kimmel) was uninvolved in this scheduling matter until he responded to this motion. Finally, neither party sought relief from the Scheduling

8

Order to allow more time to conduct plaintiff's deposition, as well as the deposition of defendant's corporate representatives (see Docket No. 34, Def. Atty. Decl., Ex. E).

The issue then is should defendant recover its reasonable motion costs where it failed or was unable to confer prior to filing this motion. Defendant merely rescheduling the deposition once he learned of the unavailability of counsel without doing more to confer to see if the new date was workable is either not a sufficient good faith effort to avoid motion practice, or constitutes other circumstances that would make imposing sanction costs upon plaintiff here unjust. Thus, under Rule 37(a)(5)(A)(i) and (iii), sanctions to defendant **would not be warranted and are denied**. Plaintiff, however, is not substantially justified in not being deposed, for many of the reasons stated above. While plaintiff's representation became questionable, she was still represented by Kimmel who (at a minimum) could have sought to reschedule the deposition at a time when an associate had taken over the case.

II. Amended Schedule

In light of this motion practice and the inevitable deposition of plaintiff, amendment of the Scheduling Order (Docket No. 19) to extend the discovery deadline and subsequent dates is in order. This is being ordered, despite the fact that neither party has sought an extension (and although defendant notes the "tight time frame" to conclude discovery in this case, Docket No. 39, Def. Reply Memo. at 3), to avoid the expected motion to extend when the present deadlines arise.

As a result, motions to compel further discovery are due by **January 28, 2013**, 30 days prior to the new discovery deadline; in light of the outside deadline for plaintiff's deposition, discovery concludes by **February 28, 2013**; dispositive motions are due by **May 29, 2013**. As

9

previously ordered (Docket No. 19), any Final Pretrial Conference or Trial dates will be scheduled by Judge Arcara in a separate Order.

## CONCLUSION

For the reasons stated above, defendant's motion to compel plaintiff's deposition is **granted in part** (in that the deposition is ordered), but **denied in part** (denying discovery sanctions to defendant). The parties shall meet and confer **within fifteen (15) days** of entry of this Order to set a mutually convenient date for this deposition. Plaintiff's deposition shall occur on either that mutually convenient date or no later than **January 11, 2013**.

As a result of the foregoing, the Scheduling Order (Docket No. 19) is amended as follows: motions to compel further discovery are due by **January 28, 2013**, 30 days prior to the new discovery deadline; in light of the outside deadline for plaintiff's deposition, discovery concludes by **February 28, 2013**; dispositive motions are due by **May 29, 2013**. As previously ordered (Docket No. 19), any Final Pretrial Conference or Trial dates will be scheduled by Judge Arcara in a separate Order.

So Ordered.

                                                */s/ Hugh B. Scott*
                                                Honorable Hugh B. Scott
                                                United States Magistrate Judge

Dated: Buffalo, New York
       October 9, 2012